UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANE C. JOHNSON and KATHLEEN M. JUSTIN, Husband and Wife,<br><br>                Plaintiffs,<br><br>   v.<br><br>CITIMORTGAGE, INC., a Federally Insured Bank,<br><br>                Defendant. | Case No. 2:13-cv-00037 RSM<br><br>ORDER ON MOTIONS |

THIS MATTER comes before the Court on Plaintiffs' Motion for Disbursement of Funds (Dkt. # 23) and Defendant's Motion for Summary Judgment (Dkt. # 30). For the reasons set forth below, Plaintiffs' Motion for Disbursement of Funds is DENIED and Defendant's Motion for Summary Judgment is GRANTED.

**<u>Background</u>**

The instant motions arise out of a dispute over the proper disbursement of insurance proceeds recovered through the efforts of Plaintiffs' former counsel, the law firm Harper Hayes, PLLC, as between Plaintiffs, Dane C. Johnson and Kathleen M. Justin, and Defendant

ORDER ON MOTIONS - 1

CitiMortgage. Defendant CitiMortgage is the mortgagee by assignment for Plaintiffs' property. On March 12, 2004, Plaintiffs borrowed $326,000 from Mortgage Capital Associates, Inc. to refinance the loan on their home located at 16705 Maplewild Avenue SW, Burien, WA 98116 ("Property"). Dkt. # 24, ¶ 4 & Ex. 1, p. 2. The loan was secured by a first lien Deed of Trust ("Deed") on the Property (*Id.* at Ex. 1, p. 5) and Evidenced by a Note (*Id.* at Ex., p. 2), which permits transfer from the original Lender to a subsequent Note Holder entitled to receive payments under the Note. *See* Dkt. # 31, Ex. 1, ¶ 1. The Deed named Mortgage Electronic Registration Systems (MERS) as beneficiary and nominee for Mortgage Capital Associates, Inc.. CitiMortgage thereafter acquired possession of the Note (*See* Dkt. # 45, ¶ 2) and began collecting mortgage loan payments from Plaintiffs. *See* Dkt. # 24, ¶¶ 4, 8. On September 25, 2012, MERS formally assigned the Deed and all rights due under it to CitiMortgage. *Id.* at Ex. 1, p. 18.

On November 23, 2010, Plaintiffs' dwelling and its contents were severely damaged by a violent storm. Plaintiffs promptly made a claim against the Property's insurer, Allstate Insurance Company ("Allstate"), for all damages arising from the storm. Plaintiff's insurance policy with Allstate lists Capital Mortgage as Mortgagee for the covered Property. *See* Dkt. # 45-1, p. 5. After Allstate denied the claim, Plaintiffs retained the law firm Harper Hayes, PLLC ("Harper Hayes") to represent them in pursuing their insurance claim. On February 15, 2011, Plaintiffs signed a contingency fee agreement with Harper Hayes, agreeing to pay counsel the greater of twice their normal hourly rate or an amount, if any, awarded by an arbitrator or court, subject to a cap at 50% of the gross recovery. Dkt. 25, ¶ 3. CitiMortgage was neither a party to this agreement nor informed about Plaintiffs' retention of counsel. CitiMortgage was first notified of the damage to the Property on April 22, 2011, when Plaintiffs' current counsel, Craig Sternberg,

ORDER ON MOTIONS - 2

sent a letter to Defendant advising of the catastrophic loss and that Plaintiff would cease making mortgage payments. Dkt. # 26-1, p. 15. As of July 31, 2013, Plaintiffs had a principal balance due on their loan of $281,355.68. Dkt. # 31, ¶ 10.

On May 9, 2011, Plaintiffs filed suit against Allstate in King County Superior Court, which Allstate removed to this Court. *See Johnson v. Allstate*, No. 1:11-cv-00927RSM ("Allstate Litigation"). Following an Order by this Court on January 10, 2012 granting in part Plaintiffs' motion for partial summary judgment, Allstate made a voluntary tender of $236,250 representing the policy limit of damage to the dwelling and additional replacement costs ("Insurance Proceeds"). *See* Dkt. # 24-2, p. 16, ¶ D. The check was made jointly payable to CitiMortgage and Plaintiffs. Plaintiffs also received two additional checks in the amounts of $42,075 and $181,925 in settlement with Allstate ("Settlement Proceeds"). CitiMortage has not stated a claim to the Settlement Proceeds.

Meanwhile, the City of Burien began to assess penalties against Plaintiffs for their failure to comply with an order to demolish their dwelling and stabilize the Property. *See* Dkt. # 24, Ex. 3. After negotiations over the endorsement of the Insurance Proceeds check by CitiMortgage broke down, Plaintiffs filed the instant suit in King County Superior Court as an interpleader action. On January 8, 2013, CitiMortgage removed the underlying state court action to this Court under its diversity jurisdiction. Dkt. # 1. Thereafter, CitiMortgage endorsed the check and agreed to have it deposited into Plaintiffs' counsel's trust account. CitiMortgage also agreed to release $50,532.81 from the trust account to pay for the demolition of the Property and successfully negotiated with the City of Burien to release the parties from penalties. Currently, $185,717.19 remains in the Insurance Proceeds trust account. Plaintiffs have paid Harper Hayes their entire

ORDER ON MOTIONS - 3

negotiated attorney fees out of their Settlement Proceeds, including $118,125 related to and incurred for the Insurance Proceeds. Dkt. # 24, ¶ 15.

On June 27, 2013, Plaintiffs filed the instant Motion to Disburse Funds seeking disbursement from the Insurance Proceeds of $123,463.56 in attorneys' fees: $119,427.59 for Harper Hayes representing the fees and costs for the Insurance Proceeds component of the Allstate Litigation, and $4,035.97 for Sternberg representing legal fees and costs in the interpleader action. *See* Dkt. # 23. CitiMortgage seeks summary judgment that the terms of the Deed entitle it to all remaining Insurance Proceeds as compensation for Plaintiffs' unpaid loan balance, as well as attorneys' fees and costs associated with defending the present action. *See* Dkt. # 30. On September 25, 2013, the Court heard oral argument on both motions and ordered supplemental briefing as to the standing of Defendant to enforce the Note in light of its assignment by MERS.

**<u>Analysis</u>**

<u>Standard of Review</u>

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court does not "weigh the evidence or determine the truth of the matter but only determine[s] whether there is a

genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994)(internal citations omitted).

The moving party carries the initial burden of production and the ultimate burden of persuasion. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The moving party must initially establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party defeats a motion for summary judgment if she "produces enough evidence to create a genuine issue of material fact." *Nissan*, 969 F.2d at 1103. By contrast, the moving party is entitled to summary judgment where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof" at trial. *Celotex Corp.*, 477 U.S. at 322. Conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F.3d 337, 345 (9th Cir. 1995).

Standing

As an initial matter, the Court finds unpersuasive Plaintiffs' argument that CitiMortgage lacks standing to bring a claim against the Insurance Proceeds under the Deed of Trust. Plaintiffs rely on a line of wrongful foreclosure cases in which Washington State courts have found that successor trustees lacked the authority to initiate foreclosure proceedings when appointed by MERS or its successor acting as the purported beneficiary of a deed of trust. *See, e.g., Walker v. Quality Loan Serving*, 176 Wash.App. 294, 308 P.3d 716 (Aug. 2013)(finding appointment of trustee invalid because MERS lacked authority to assign deed of trust); *Bavand v. OneWest*

ORDER ON MOTIONS - 5

*Bank*, 176 Wash.App. 475, 309 P.3d 636 (Sept. 2013)(finding that MERS lacked the authority to appoint successor trustee). Plaintiffs assert that the case is controlled by *Bain v. Metropolitan Mortgage Group*, 175 Wn. 2d 83, 285 P.3d 84 (2013), in which the Washington Supreme Court held that MERS is an ineligible beneficiary under the Washington Deed of Trust Act, RCW 61.24.005, as MERS never held the promissory Note secured by the Deed of Trust. Plaintiffs contend that in the instant case, MERS was similarly acting as an ineligible beneficiary and thus lacked the legal authority to transfer the Deed to CitiMortgage, which in turn lacks standing to enforce it.

      Contrary to Plaintiffs' assertions, the present case is distinguishable from *Bain*, as CitiMortgage derives its authority to collect under the Note from its position as the Note holder, not by virtue of the assignment by MERS. In *Bain*, the sole alleged authority to foreclose in order to collect under the Note was based on the assignment of the Deed of Trust by MERS. *Bain* is inapposite here as CitiMortgage has substantiated through affidavit, submitted in support of its supplemental briefing, that it is in actual possession of the original Note (*See* Dkt. # 45, ¶ 2) and thus derives its authority from holding the Note itself. *See Florez v. OneWest Bank, F.S.B.*, 2012 WL 1118179, *1 (W.D. Wash. 2012)(distinguishing *Bain* because defendant "had authority to foreclose, independent of MERS, since [defendant] held Plaintiffs' Note at the time of foreclosure"); *Myers v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 678148, *3 ("Even if MERS had improperly assigned the Deed, Flagstar is empowered as the beneficiary to appoint the trustee because it holds [plaintiff's] Note, not because of the assignment."). *Bain* does not stand for the proposition that a deed of trust is unenforceable simply because it names MERS as a beneficiary. *See Zhong*, 2013 WL 5530583, at *3 (determining that "*Bain* also held

that a deed of trust naming MERS as a beneficiary is not automatically unenforceable).  Indeed, the Deed of Trust remains valid and enforceable by the holder of the Note even where a violation of the Deed of Trust occurs. *See, e.g.*, *Walker*, 308 P.3d at 729 (rejecting the argument that designation of an ineligible beneficiary "standing alone, renders [a deed of trust] void"); *Borowski v. BNC Morg.*, 2013 WL 4522253, at *5 (W.D. Wash. 2013)(finding that "a violation of the Deed of Trust Act should not result in a void deed of trust").

Plaintiffs' citation to *Bavand* is also unavailing as the Washington Court of Appeals there held only that possession of a "true and correct *copy* of the original note" does not impart legal authority. *Bavand*, 309 P.3d at 648. While courts in this district have rejected "show-me-the-note" arguments, it remains the case that possession of the original Note imparts the power to enforce it. *See Elene-Arp v. Federal Home Finance Agency*, 2013 WL 1898218, at *4 (W.D. Wash. 2013); *Petheram v. Wells Fargo Bank*, 2013 WL 6173806, at *2 (W.D. Wash. 2013). *See also*, *Bain*, 285 P.3d at 47-48 ("If the original lender had sold the loan, [it] would need to establish ownership of that loan, either by demonstrating it actually held the promissory note or by documenting the chain of transactions.").

As it is well-established that the "security instrument will follow the note," *Bain*, 285 P.3d at 44, CitiMortgage's possession of the original Note imparts the authority to enforce the terms of the Deed of Trust. *See Lynott v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 5995053(W.D.Wash. 2013)(explaining that the Deed of Trust Act merely codifies "the longstanding principle that the 'deed follows the debt'")(citing *Carpenter v. Longan*, 83 U.S. 271 (1872)). Thus, Plaintiffs' argument that CitiMortgage lacks standing to enforce the Deed as a valid contract between the parties is unavailing.

Deed of Trust Claim

Having found that the Deed of Trust is an enforceable contract, the Court considers Defendant's argument that Paragraph 5 of the Deed dictates the required disbursement of the remaining Insurance Proceeds. Contract interpretation is generally a question of law for the Court. *See Berg v. Hudesman*, 115 Wash.2d 657, 663, 801 P.2d 222 (1990); *Jones Associates, Inc. v. Eastside Properties, Inc.*, 41 Wash.App. 462, 465, 704 P.2d 681 (1985). Washington law requires that courts give words "their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Hearst Communications, Inc. v. Seattle Times Co.*, 154 Wash.2d 493, 504, 115 P.3d 262 (2005). If the language of a contract is clear and unambiguous, the Court must "enforce the contract as written; it may not modify the contract or create ambiguity where none exists." *Lehrer v. State Dep't of Social & Health Servs.*, 101 Wash.App. 509, 515, 5 P.3d 722 (2000). "Where the parties' contractual language is ambiguous, the principal goal of construction is to search out the parties' intent." *Jones Associates, Inc.*, 704 P.2d at 685. A clause is ambiguous if, "on its face, it is fairly susceptible to more than one interpretation." *Tewell, Thorpe & Findlay, Inc., P.S. v. Continental Cas. Co.*, 64 Wash.Ap. 571, 825 P.2d 724, 727 (1992). Courts strictly construe ambiguous contract language against the drafter. *Id.* Under Washington law, the parties' intent is determined by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties. *Hearst Communications, Inc.*, 115 P.3d at 267.

The parties dispute whether Paragraph 5 of the Deed of Trust unambiguously bars Plaintiffs from making any claims to Insurance Proceeds in order to compensate attorneys for

ORDER ON MOTIONS - 8

services rendered in creating the funds in question. Paragraph 5 of the Deed provides, in relevant part:

> "In the event of loss, Borrower shall give prompt notice to the insurance carrier and the Lender. … Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower." Dkt. # 31-1, p. 9, ¶ 5.

Defendant argues that Paragraph 5 contractually binds Plaintiffs to disburse the entire remaining Insurance Proceeds to CitiMortgage because: 1) Plaintiffs failed to promptly notify Defendant of the loss; 2) Plaintiffs are barred from issuing payments from the Insurance Proceeds to third parties; and 3) Plaintiffs' loan principle exceeds the amount of Insurance Proceeds funds remaining.

With regards to Defendant's argument as to the timeliness of notification, the Court finds that the relevant clause is ambiguous with respect to the controlling meaning of prompt. Defendants contend that the clause should be interpreted to require that Plaintiffs notify lender of the loss immediately after it occurs. As such, Plaintiffs breached the Deed by failing to notify CitiMortgage of the loss to their Property for the five month period prior to their letter of April 22, 2011. *See* Dkt. # 26-1, p. 15. Plaintiffs, by contrast, raise a contrary interpretation according to which notification is sufficiently prompt if it averts prejudice to the Lender. Plaintiffs contend that any tardiness in notification is legally immaterial as the letter was received prior to the May

9, 2011 date when the Allstate Litigation was filed and that Defendant furthermore failed to contact Plaintiffs or their counsel for an extended period subsequent to receiving the letter. *See* Dkt. # 34, p. 6-7.

Construing the language in Plaintiffs' favor, Plaintiffs are correct that Defendant has failed to establish that it suffered actual prejudice based on the timing of Plaintiffs' notification letter so as to render it insufficiently prompt. Moreover, Defendant has not established that a failure of notification would defeat Plaintiffs' claim to the Insurance Proceeds even if it does put them in breach of Paragraph 5 of the Deed.

By contrast, in considering the plain and ordinary meaning of their language, the Court cannot find that the second and third sentences in question admit to contrary interpretations. As to the second sentence, the Deed is clear and unambiguous on its face in barring the disbursement of any Insurance Proceeds to "public adjusters, or other third parties." Plaintiffs' two attempts to locate ambiguity are unavailing. First Plaintiffs argue that "this sentence does not address the Borrower's obligations when the insurance carrier *denies* coverage," as did Allstate in "voluntarily tender[ing] payment to Plaintiffs." Dkt. # 34, p. 4; Dkt. # 24, Ex. 9, ¶ D. Second, Plaintiffs contend that it is not "clear that attorneys are in the category of 'public adjusters' or 'other third parties.'" Dkt. # 34, p. 4.

With respect to their first contention, the Insurance Proceeds unambiguously fall into the category of funds contemplated by Paragraph 5. The Deed nowhere differentiates between Insurance Proceeds garnered upon admission or denial of a claim. Its clear intent is to govern the disbursement of proceeds that result from an insurance company's having compensated for a loss to an insured property. Several features of the Insurance Proceeds clarify that they fall under

ORDER ON MOTIONS - 10

Paragraph 5. First, they were tendered by Allstate at "the policy limits for [Plaintiffs'] dwelling." Dkt. # 24, Ex. 4, ¶ D. Second, they were made jointly payable to Plaintiffs and CitiMortgage, whom Allstate knew to have an interest in the proceeds as the mortgagee. *Id.* Third, Plaintiffs themselves refer to these funds as Insurance Proceeds and used this designation to their advantage in requiring CitiMortgage to disburse funds for the demolition of their dwelling. The distinction between the two sets of payments that Allstate tendered further clarifies the nature of the funds in question. While the Insurance Proceeds were calibrated to the level of policy coverage, the Settlement Proceeds were issued to release Allstate from non-contractual claims for "compensatory and punitive damages," including for "attorney's fees or costs." *Id.* at p. 3.

With respect to Plaintiffs' second contention, Plaintiffs have offered no authority for the Court to depart from the conventional meaning of third party – that is, a party external to the agreement made between the signatories. As Harper Hayes was not a signatory to the contract, it is properly understood as falling into the category of third parties to whom disbursements are barred. Harper Hayes was also expressly retained by Plaintiffs and functioning in a position analogous to that of public insurance adjusters in assisting Plaintiffs in valuing and recovering their full loss. A district court considering a similar claim relied on the same plain language in a Deed of Trust to disallow attorneys' fees. The court found that the phrase, which specified that "[f]ees for public adjusters, or other third parties, retained by Borrower" are the sole obligation of the Borrower, "expressly disallows [plaintiff's] claim for attorney's fees out of the insurance proceeds." *West v. Nationwide Trustee Services, Inc.*, 2010 WL 3122801 (S.D. Mi. 2010). As Plaintiffs have failed to establish that the clause is susceptible to more than one interpretation on its face, the Court is bound to enforce it according to its plain meaning.

Even notwithstanding the third-party disbursement bar, Defendants are still entitled to the entire remaining Insurance Proceeds in consideration of the unpaid loan principle secured by the Deed. The third relevant sentence of Paragraph 5 is unambiguous in requiring that "the insurance proceeds shall be applied to the sums secured" by the Deed if "restoration or repair is not economically feasible." Dkt. # 24-1, p. 9. There is no dispute that Plaintiffs owe CitiMortgage $281,355.68 in unpaid principle as of July, 2013, an amount that far exceeds the remaining Insurance Proceeds. Nor is there any suggestion that the Deed taken as a whole provides for a contrary interpretation to that offered by Defendant. As such, the Court finds that Plaintiffs have not fulfilled their burden of raising a genuine issue of material fact that would preclude summary judgment for Defendant on the merits. The objective manifestations of the agreement require the disbursement of the remaining Insurance Proceeds to CitiMortgage.

Claims in Equity

Notwithstanding the language of the Deed, Plaintiffs rely on arguments based in equity to achieve their desired disbursement of funds. Plaintiffs suggest that "[t]o not allow the Plaintiffs to be reimbursed for the payment of attorneys' fees would unjustly enrich the Defendant at the Plaintiffs' expense." Dkt. # 34, p. 5. Plaintiffs move the Court to find that Plaintiffs are entitled under the common fund theory for compensation for the financial expenses incurred in creating a pool of money that inures to the mutual benefit of both Plaintiffs and CitiMortgage.

Despite the strong appeal to the "conscience of [this Court] for equitable relief," the Court is "powerless to grant it if the one from whom it must come would be deprived of a legal right." *Manufacturers'' Fin. Co. v. McKey*, 294 U.S. 442, 449 (1935)(internal citations omitted).

It is well-settled that "a court of equity, in the absence of fraud, accidence, or mistake, cannot change the terms of a contract." *Id.* Equitable relief is not available where there is an adequate remedy at law. *See, e.g., Kucera v. State, Det. Of Transp.*, 140 Wash.2d 200, 209, 995 P.2d 63 (2000); *Ballard v. Wooster*, 182 Wash. 408, 413, 45 P.2d 511 (1935)("Equity does not intervene where there is a complete and adequate remedy at law.").

In the instant matter, the equitable remedies that Plaintiffs seek are unavailable as an adequate remedy exists at law and as Plaintiffs' have not alleged that the Deed is unenforceable for reasons of fraud, accident, or mistake. Plaintiffs argue that Defendant would be unjustly enriched if Plaintiffs are not reimbursed for the payment of attorneys' fees. However, unjust enrichment is only available as a method of recovery for the value of a benefit retained where a court is able to imply a contract in-law because a pre-existing, controlling contractual relationship is absent. *Young v. Young*, 164 Wn.2d 477, 191 P.3d 1258 (2000). Here, a valid and express contractual relationship between the parties controls the disposition of all of the Insurance Proceeds such that equitable relief is not available. *See D'Amato v. Lillie*, 401 Fed.Appx. 291, 293-94 (9th Cir. 2010) ("The passage in *Young* … is simply a more succinct expression of the Washington high court's previously established rule that '[a] party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract *relating to the same matter,* in contravention of the express contract.'") (citing *Chandler v. Wash. Toll Bridge Auth.*, 17 Wash. 2d 591, 137 P.2d 97, 103 (1943)). Plaintiffs have not argued that the work performed by their attorneys falls outside the scope of the contract such that recovery would be available to prevent unjust enrichment. To

the contrary, the express language of the Deed suggests that disallowance of third-party disbursements from Insurance Proceeds was a bargained-for benefit inuring to CitiMortgage.

Similarly, the Court cannot find that the doctrine of equitable sharing entitles Plaintiffs to reimbursement for Harper Hayes' fees. Plaintiffs cite to *Mahler v. Szucs*, 135 Wn.3d 398, 957 P.2d 632 (1998), to support their claim that the common fund doctrine entitles them to reimbursement for reasonable attorneys' fees from the common fund that Harper Hayes recovered from Allstate. *See also, Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (explaining that the common fund doctrine provides that "a litigant or a lawyer who recovers a common fund for the benefit of a person other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole."). Plaintiffs' reliance on this equitable sharing rule is again misplaced, as equitable relief is unavailable where an adequate remedy exists at law based on the unambiguous terms of the Deed as the contract governing the rights and relations between the parties. *See Matsyuk v. State farm Fire & Cas. Co*, 173 Wash. 2d 643, 272 P.3d 802, 80 ("The equitable sharing rule derives from principles, of equity, not contract language."); *Fisher v. Aldi Tire, Inc.*, 78 Wash.App. 902, 908, 902 P.2d 166 (1995)(finding in the insurance context that contractual rights control over relief based on common law equitable sharing rule).

Moreover, the equitable and policy interests motivating the common fund doctrine do not apply in this case. Unlike the prototypical insurance case governed by the equitable sharing rule in which counsel for insured recoups a common fund from which an insurer obtains a benefit otherwise unavailable, Harper Hayes has simply assisted Plaintiffs in obtaining funds to fulfill their contractual obligation to pay off their loan principle to CitiMortgage. *Compare*, *Matsyuk*,

173 Wash.2d 643, 658. Plaintiffs also obtained in settlement with Allstate supplemental funds to cover non-contractual costs, including attorneys' fees. To permit Plaintiffs to recoup from the Insurance Proceeds could be construed as awarding them a double benefit. In addition, equitable fee sharing in the instant case does not promote greater access to the judicial system as in class action cases where putative plaintiffs would otherwise be unable to obtain counsel. *Compare*, *Covell v. City of Seattle* , 1237 Wash.2d 874, 891, 905 P.2d 324 (1995). The common fund doctrine cannot, in this case, override the bargained-for rights secured by the Deed of Trust.

### **Interpleader Attorneys' Fees**

CitiMortgage claims that it is entitled to attorneys' fees and costs associated with having to defend this action under Paragraph 26 of the Deed of Trust. Paragraph 26 provides, in relevant part: "Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument." Dkt. # 24-1, p. 15. Plaintiffs do not dispute that CitiMortgage is entitled to attorneys' fees if it prevails on final judgment but rather claim that Plaintiffs are entitled to an award of attorneys' fees under RCW 4.84.330 if they persuade the Court that CitiMortgage is in error as to it understanding of Paragraph 5.

The purpose of RCW 4.84.330 is to convert unilateral attorney fees provisions, such as that contained in Paragraph 26 of the Deed, into bilateral provisions. *See Mahler*, 135 Wash. 2d at 398 (explaining that public policy forbids one-way attorneys' fee provisions). RCW 4.84.330 is designed to ensure that parties will not be deterred from bringing actions on a contract or lease "for fear of triggering a one-sided fee provision." *Wachovia SBA Lending, Inc. v. Kraft*, 165

Wash. 2d 481, 498 (2009). The statute provides that the prevailing party shall be awarded attorneys' fees in "any action on a contract or lease…, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provision of such contract or lease, shall be awarded to one of the parties." RCW 4.84.330. The statute defines the prevailing party as "the party in whose favor final judgment is rendered." *Id.*

As the Court herein renders summary judgment in favor of Defendant, CitiMortgage is entitled to reasonable attorneys' fees and costs under both Paragraph 26 of the Deed and RCW 4.84.330 as the prevailing party in this action. CitiMortgage must submit documentation of its fees and costs associated with defending this action before an award can be determined.

### Conclusion

For the reasons stated herein, the Court hereby ORDERS that Plaintiffs' Motion for Disbursement of Funds (Dkt. # 23) is DENIED and Defendant's Motion for Summary Judgment (Dkt. # 30) is GRANTED. The $185,717.19 currently held in Plaintiffs' counsel's trust account shall be disbursed to CitiMortgage within ten business days of the entry of this Order. It is further ORDERED that CitiMortgage is entitled to recover its reasonable attorneys' fees and costs associated with its defense of this action. Defendant shall submit a statement of attorneys' fees and costs to this Court for determination of an award.

DATED this 17 day of December 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE