UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANE C. JOHNSON and KATHLEEN M. JUSTIN, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC., a Federally Insured Bank,<br><br>Defendant. | Case No. 2:13-cv-00037 RSM<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEYS' FEES |

THIS MATTER comes before the Court on Motion for Attorneys' Fees by Defendant CitiMortgage, Inc. ("CitiMortgage"). Dkt. # 54. Having considered the parties' briefs in support and opposition, Declarations and evidence supported therewith, and the remainder of the record, the Court grants Defendant's Motion in part and awards attorneys' fees in the amount of $40,342.50.

**Factual Background**

The facts of this matter are provided in detail in the Court's Order on Motions of December 17, 2013. *See* Dkt. # 49. This case involves the disbursement of insurance proceeds related to the real property located at 16705 Maplewild Avenue SW, Burien, Washington 98116

ORDER GRANTING ATTORNEYS FEES - 1

1  ("the Property"). Plaintiffs' former counsel, Harper Hayes, recovered insurance proceeds from
2  Allstate Insurance Company after a storm severely damaged Plaintiffs' residence located on the
3  Property. Defendant CitiMortgage is the mortgagee by assignment of the Property, to whom
4  Plaintiffs owed a principal balance on their loan of $281,355.68 as of July 31, 2013. Dkt. # 31, ¶
5  10. As part of a settlement with Plaintiffs, Allstate made a voluntary tender of $236,250 in
6  
7  insurance proceeds via a check jointly payable to CitiMortgage and Plaintiffs. *See* Dkt. # 24-2,
8  Ex. 4, ¶ D. The check would have become stale on February 29, 2013 if not negotiated before
9  that time. *See* Dkt. # 1-1, p. 10.
10         After negotiations between Plaintiffs and CitiMortgage over endorsement of the
11 insurance proceeds check broke down, Plaintiffs filed the instant lawsuit in King County
12 
13 Superior Court on December 18, 2012. *See* Dkt. # 1. Plaintiffs' Amended Declaratory Complaint
14 and Interpleader set forth three causes of action, the first of which requested endorsement and
15 interpleading of the insurance proceeds check and the second of which requested disbursement
16 of a portion of the insurance proceeds to cover Plaintiffs' attorneys' fees associated with the
17 Allstate litigation as well as the instant action. *See* Dkt. # 1-1, p. 7.  CitiMortgage removed this
18 action pursuant to this Court's diversity jurisdiction and subsequently endorsed the check,
19 
20 agreeing to have it deposited into Plaintiffs' counsel's trust account. CitiMortgage also agreed to
21 release $50,532.81 from the trust account to pay for the demolition of the residence. Plaintiffs
22 then filed a Motion to Disburse Funds, seeking disbursement of $123,463.56 from the Insurance
23 Proceeds for attorneys' fees for this action and the Allstate litigation. Dkt. # 23. CitiMortgage
24 countered with a Motion for Summary Judgment, claiming entitlement to the proceeds pursuant
25 to the terms of the governing Deed of Trust. Dkt. # 30.
26

ORDER GRANTING ATTORNEYS FEES - 2

Following oral argument and Court-ordered supplemental briefing, the Court denied Plaintiffs' Motion to Disburse and granted CitiMortage's Motion for Summary Judgment. Dkt. # 49. As a result, $185,717.19 was disbursed to CitiMortgage. Dkt. # 50. In the Court's Order on Motions of December 17, 2013, the Court found that CitiMortgage is entitled to seek reasonable attorneys' fees and costs under Paragraph 26 of the Deed of Trust and pursuant to RCW 4.84.330 as the substantially prevailing party in this action. *See* Dkt. # 49, p. 16. The instant Motion for Attorneys' Fees followed.

## **Analysis**

The Court applies the law of the State of Washington with regard to the allowance of attorney fees in this diversity action. *Michael-Regan Co., Inc. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975). The measure and mode of compensation in such an action is determined according to agreement between the parties. *Id.*; RCW 4.84.010. In the instant matter, Paragraph 26 of the Deed of Trust provides that the "Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument." Dkt. # 56, Ex. 3, ¶ 26. Plaintiffs have not questioned the validity of this contractual provision, and the Court fails to locate any reason to do so now. Because this action involved construing the terms of the Deed of Trust, CitiMortgage is entitled to recover its reasonable fees and costs.

Where, as here, a contract is silent as to the method of calculation of reasonable attorneys' fees, courts in Washington employ the lodestar method. *Crest Inc. v. Costco Wholesale Corp.*, 128 Wash.App. 760, 773 (2005). Under this approach, a lodestar fee is first determined by multiplying a reasonable hourly rate by the reasonable number of hours spent on

litigation. *Id.* The party seeking fees bears the burden of proving their reasonableness, including by providing reasonable documentation of the work performed. *See Mahler v. Szucs*, 135 Wash.2d 398, 434, 987 P.2d 632 (1998). Such "documentation need not be exhaustive or in minute detail, but must inform the court, in addition to the number of hours worked, of the type of work performed and the category of attorney who performed the work…." *Bowers v. Transamerica Title Ins. Co.*, 100 Wash.2d 581, 597, 675 P.2d 193 (1983).

In making the initial lodestar calculation, the court may not merely rely on billing records provided by the moving party's attorney but must also make an independent assessment of what constitutes reasonable fees. *Fetzer v. Weeks*, 122 Wash.2d 141, 151, 859 P.2d 1210 (1993) (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wash.2d 735, 744 (1987)); *see also* RPC 1.5. The number of hours actually spent by the prevailing attorney is a relevant, but not dispositive, factor. *Nordstrom*, 107 Wash.2d at 744. The Court limits the lodestar to "hours reasonably expended, and should therefore discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." *Bowers*, 100 Wash.2d at 597; *see also Mahler*, 135 Wash.2d 398, 434 ("Necessarily, this decision requires the court to exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessfully theories or claims."). In determining the reasonableness of an hourly rate, courts consider the usual billing rate as well as factors such as the level of skill required by the litigation, its undesirability, the amount of potential recovery, and the attorney's reputation. *Bowers*, 100 Wash.2d at 597. A reasonable hourly rate should reflect the prevailing market rates of similarly situated attorneys practicing in the community. *See Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11.

ORDER GRANTING ATTORNEYS FEES - 4

The lodestar fee may next be adjusted upward or downward in the Court's discretion based on other external factors, including "the contingent nature of success and the quality of work performed." *Id.* at 598; *see also Mahler*, 135 Wash. 2d at 434. Adjustments to reflect the quality of work performed are rare, as the quality of work is typically reflected in the initial lodestar calculation. *Bowers*, 100 Wash.2d at 598. The size of the fee request relative to the amount in dispute is also a "vital consideration" in assessing the reasonableness of the request. *See Fetzer*, 122 Wash.2d at 150.

**1. Reasonable Hourly Rate**

CitiMortage requests fees of $300 per hour for 112.7 attorney hours for Leta E. Gorman, $350 per hour for the 2.9 attorney hours for Russell D. Garrett, $225 per hour for the 2.0 attorney hours for Heidi Mason, and $190 per hour for the 64.4 hours expended by two paralegals. *See* Dkt. # 55, Ex. 1. CitiMortgage further requests fees related to preparation of a reply to the instant Motion of $300 per hour for the 11.2 attorneys hours for Gorman and $190 per hour for the 2.1 hours for Stein. The rate requested by Gorman, the principal attorney on the case, is below her standard hourly rate for 2013 of $325 per hour and in line with the customary rates charged by attorneys in this forum. Dkt. # 55, ¶ 8; *see also, MacDonald v. Lincoln Nat. Life. Ins. Co.*, 2010 WL 2985688 (W.D. Wash. 2010) (finding $300 per hour of attorney time to be an appropriate hourly rate). Similarly, the Court finds the hourly rate charged by attorneys Mason and Garrett for the few hours that they expended in this litigation to be reasonable and commensurate with rates ordinarily charged by attorneys in this district. *See, e.g., Snell v. North Thurston School Dist.*, 2014 WL 2154488 (W.D. Wash. 2014) (finding $375 per hour reasonable for attorney fees).

ORDER GRANTING ATTORNEYS FEES - 5

As to the $190 per hour requested for paralegal fees, the Court finds this rate to be excessive in relation to rates typically charged by paralegals in this forum. *See, e.g.*, *id.* (finding $125 per hour of paralegal time reasonable); *MacDonald*, 2010 WL 2985688 (same); *Wallis v. BNSF Ry. Co.*, 2014 WL 1648472 (awarding $100 per hour expended by paralegal). While the Court does not question Stein's experience and ability, the requested paralegal fees are nonetheless excessive with respect to the nature of this litigation, which was narrow in scope and presented questions that were neither unique nor demanding of exceptional skill. The Court accordingly finds a rate of $125 per hour appropriate for time expended by paralegals in this action and employs it in the lodestar calculation.

### 2. Hours Reasonably Expended

In assessing hours reasonably expended in this litigation, the Court takes the billing records provided by CitiMortgage's counsel as a starting point and excludes hours spent on unsuccessful claims and duplicative effort. *Mahler*, 135 Wash.2d 398, 434. Defendants contend that 117.6 attorney hours and 64.4 paralegal staff hours (as well as an additional 11.2 attorneys hours and 2.1 paralegal hours spent replying to the instant Motion) are reasonable in a case of this type, which was removed from state court and resolved on summary judgment. Plaintiffs argue that the Court should deny fees entirely as CitiMortgage could and should have taken steps to avoid litigation, including by negotiating settlement or endorsing the insurance proceeds check prior to the interpleader action. In the alternative, Plaintiffs contend that hours expended were excessive in relation to the nature of the litigation and with respect to the fees that CitiMortgage was willing to allow Harper Hayes in the Allstate litigation.

The Court finds Plaintiffs' argument for the complete abrogation of attorneys' fees unpersuasive. Without a doubt, the chain of pre-litigation emails presented by Harper Hayes in opposition to the instant Motion evidences an unfortunate lack of responsiveness and foot-dragging on the part of CitiMortgage and a tendency to carelessly mislead Plaintiffs into believing settlement to be imminent. *See generally*, Dkt. # 62. The Court also agrees that litigation, both of this action and the Allstate proceedings, may have been avoidable had CitiMortgage clarified its position on disbursement at an earlier stage. *See, e.g.*, *id.* at ¶¶ 10, 12. While CitiMortgage's conduct prior to litigation left much to be desired, CitiMortgage was nonetheless entitled to assert its rights to the insurance proceeds at issue and, as the substantially prevailing party, is entitled by contract and statute to collect reasonable attorneys fees incurred.

The Court does, however, find the number of hours requested to be excessive, though it declines to arbitrarily calibrate them to the negotiated fees for Harper Hayes in the very different Allstate litigation. While Defendant prevailed on Plaintiffs' claim for disbursement of insurance proceeds to Harper Hayes, Plaintiffs succeeded in obtaining their desired result on their first claim for endorsement of the insurance proceeds check itself. Accordingly, the Court discounts the total hours billed by the 7.1 attorney hours and 0.7 paralegal hours that it finds pertained to endorsement of the check. *See* Dkt. # 55, Ex. 1, pp. 2-3. The Court also finds 0.2 attorney hours and 3.3 paralegal hours related to verifying state court records pertaining to removal of the litigation to this Court to be duplicative and discounts them accordingly. *Id.* at p. 2. Given the narrow scope of this case, the Court further discounts as duplicative and unnecessary 9.1 attorney hours related to review of unspecified documents, communications, finalizing filings, and preparing supplemental briefing. Finally, the Court finds unreasonable and duplicative the

ORDER GRANTING ATTORNEYS FEES - 7

request for 3.6 attorney hours billed on January 29, 2014 for "finaliz[ing] draft in support of motion for fees," as Defendant had submitted this motion two weeks prior, on January 14, 2014, and already substantially billed for it. *See* Dkt. # 64, Ex. 2.

### 3. Lodestar Fee

Accordingly, the Court determines that reasonable hours expended by CitiMortgage in this litigation amount to 62.5 paralegal hours and 108.8 attorney hours. Applying the reasonable hourly rates specified herein, the Court determines the lodestar fee to be $40,342.50. The Court does not identify additional grounds justifying an upward or downward departure from this fee award and further finds it to be reasonable in light of counsel's recovery of $185,717.19 on behalf of their client.

### Conclusion

For the reasons stated herein, the Court hereby ORDERS that Defendant CitiMortgage's Motion for Attorneys' Fees (Dkt. # 54) is GRANTED in part. The Court finds that a total of $40,342.50 in attorneys' fees is reasonable and shall be awarded to CitiMortgage in this matter.

Dated this 28th day of May 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE